GOODWIN FILM & CAMERA CO. v. EASTMAN KODAK CO.

(Circuit Court of Appeals, Second Circuit.  March 18, 1914.)

No. 194.

Appeal from the District Court of the United States for the Western District of New York.

On motion for injunction.

See, also, 213 Fed. 231.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. After the almost unprecedented delays of this controversy, we think the time has come when the complainant is entitled to prompt and adequate relief. It is evident that nothing short of an injunction, or the equivalent thereof, will give the complainant anything more than the chance of recovering some time in the distant future the amount which may be awarded by an accounting for sales made during the time the injunction is suspended. Unquestionably it is for the interests of all, the public included, that the defendant should be permitted to complete the sales, contracts and obligations now outstanding and adjust its own business to the changed situation, if this can be done without jeopardizing the interests of the complainant. We think this can be accomplished by providing that an injunction issue after eight days from the date of this decision unless in the meantime the defendant furnishes to the complainant a verified statement of its total list prices of the infringing films sold between September 9, 1913, and March 10, 1914, and pays to the complainant 20 per centum of the total amount or gives a bond, to be approved by the District Court, to secure the payment of the said amount within 60 days.

For the period from March 10th until July 10th the defendant should render to the complainant on the 15th day of each month, viz., April, May, June and July, a statement of the defendant's total list prices of the sales of the infringing films during the preceding month or part of a month, accompanying each of said statements with a payment in cash of 20 per centum of said total list prices of sales so reported, the same to be computed upon defendant's list prices current on March 10, 1914.

The form of this order should be left to the District Court to prescribe and regulate the necessary details.

It is, of course, understood that in fixing the payment at 20 per centum we have chosen that amount as a fair payment for the ad in-

240 213 FEDERAL REPORTER

terim suspension of the injunction. It may be more or less, as determined by the accounting, and the amount required to be paid by the final decree will be regulated accordingly.